**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2006 JUL 12  A II: 01

CLERK_____
           S.D. GA.

REUBEN WES HARRISON,                      :
                                          :
            Petitioner,                   :
                                          :
      vs.                                 :       CIVIL ACTION NO.: CV205-254
                                          :
JOSE VAZQUEZ,                             :
                                          :
            Respondent.                   :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Reuben Wes Harrison ("Harrison"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241.  Respondent filed a Motion to Dismiss, and Harrison filed a Response.  For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Harrison pleaded guilty in the Middle District of Georgia to conspiracy to possess with intent to distribute MDMA (ecstacy), in violation of 21 U.S.C. § 846; conspiracy to possess with intent to distribute anabolic steroids, in violation of 21 U.S.C. § 846; and possession with intent to distribute MDMA, in violation of 21 U.S.C. § 841(a)(1).  Harrison was sentenced to 155 months' imprisonment, and he did not file a direct appeal.

Harrison filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 with the Middle District of Georgia.  After an evidentiary hearing, the trial court denied Harrison's motion.  The Eleventh Circuit Court of Appeals denied Harrison's motion for a certificate of appealability, his motion for reconsideration, and his application

AO 72A
(Rev. 8/82)

for leave to file a second or successive section 2255 motion.  (5:01-cr-00035-DF-1, Doc. Nos. 290, 293, 295, and 298.)  Harrison then filed a motion pursuant to FED. R. CIV. P. 60(b), which the Middle District of Georgia construed as a section 2255 motion and denied. (5:01-cr-00035-DF-1, Doc. No. 300.)

In the instant petition, Harrison asserts that his sentence has been miscalculated and that his sentence violates the ex post facto clause.  Harrison also asserts that <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), are the law of the land, and to preclude the relief he seeks would violate due process, fairness, and his access to the court.

Respondent avers that Harrison's petition fails for two (2) reasons and should be dismissed.  First, Respondent contends that Harrison has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241.  Second, Respondent contends that <u>Blakely</u> and <u>Booker</u> do not apply retroactively to cases on collateral review. (Mot., p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction.  28 U.S.C. § 2255; <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." <u>Wofford v. Scott</u>, 177 F.3d 1236, 1238 (11th Cir. 1999).  Section 2255 provides:

2

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied).   The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Harrison has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  He presumably asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention.  Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances.  See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished).  None of the circumstances of these cases exists in the case *sub judice.*

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Harrison bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in Blakely and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Harrison was sentenced in the Middle District of Georgia on November 1, 2002. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Harrison to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989).

Harrison has failed to establish that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the trial court and the Eleventh Circuit denied Harrison's previously filed motions does not render section 2255's remedy inadequate or ineffective. Harrison has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Harrison cannot

4

AO 72A
(Rev. 8/82)

circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Harrison is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 7) be **GRANTED**. Harrison's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _12th_ day of July, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev. 8/82)